**In the Matter of FRIEDMAN'S, INC., et al., Debtors.**

**No. 05–40129.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

March 4, 2005.

See also 336 B.R. 884, 2005 WL 3691151, 336 B.R. 891, 2005 WL 3691152, and 336 B.R. 896, 2005 WL 3690569.

Kathleen Horne, Savannah, GA, for Debtor.

### *MEMORANDUM AND OPINION ON STORE CLOSING SALES MOTION*

LAMAR W. DAVIS, JR., Bankruptcy Judge.

Debtors' Motion dated February 14, 2005, seeking, *inter alia,* authority to conduct store closing sales came before the Court for a hearing pursuant to notice on March 2, 2005. After consultation among the parties, many objections were resolved. However, certain objections filed by landlords remain pending, asserting that the relief sought by Debtors violates

the terms of their lease agreements and should either be denied or subject to further restrictions. Because the objections squarely presented to the Court the question of whether relief of this nature is available to a debtor in a Chapter 11 case, I make the following findings and conclusions.

■ Debtors filed this case on January 14, 2005. Debtors operated 652 retail jewelry stores across the United States at the time of filing. The purpose of this Motion is to obtain court approval to close 164 of those stores after conducting store closing sales, utilizing a store closing agent to handle the disposition of inventory, furniture, fixtures and equipment, and related relief. Authority for the consideration of the Motion is founded on 11 U.S.C. §§ 105 and 363. Section 363(b)(1) provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

Section 363(e) provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

Section 363(o) provides:

> In any hearing under this section—
> (1) the trustee has the burden of proof on the issue of adequate protection;

Section 105 amplifies the power of the court under Section 363 and grants this Court authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." That section, however, creates no new substantive rights for the Court in derogation of specific provisions of the Code. *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986).

Certain landlords' objections assert that the conduct of store closing sales on their premises would violate lease prohibitions against such sales. The landlords generally contend that the relief sought should not be granted if store closing sales would violate Debtors' obligations as lessees because of the terms of 11 U.S.C. § 365(d)(3) which provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected ...

The question presented then is whether a trustee, or here the debtor-in-possession, is required to conform to all the restrictions in pre-petition leases relating to signage, prohibitions or limitations on going out of business sales, and the like, or whether the debtor-in-possession can be excused from those provisions under 11 U.S.C. § 363.

■ This is not a matter of first impression and indeed Debtors have argued that it is a commonplace, customary, well-recognized procedure for retail businesses to be permitted, through the court's processes, to conduct sales subject to reasonable restrictions and regulations, notwithstanding the provisions of Section 365. Debtors cite numerous cases for this proposition, and indeed they are correct in stating that this practice is widely accepted.[1] Howev-

---

1. Evidence of customary, widely-accepted practice is of only limited usefulness unless it is Code-based. It may be informative of how other courts have interpreted the Code, but standing alone, neither it, nor Section 105,

er, most of the cases cited by Debtors refer to orders in which relief of the nature that Debtors are seeking was, in fact, granted, but without any discussion of the factual and legal basis for the ruling. It is unclear whether those orders were entered after a court carefully considered legal challenges to the relief being sought or whether the orders were essentially unopposed or consented to and entered in a more routine fashion. Because objections were filed in this case, and continue to be asserted, I have carefully studied those few opinions on this subject in which objections were dealt with substantively.

■ Without belaboring the matter, and mindful of the urgency with which Debtors believe this matter needs to be resolved, suffice it to say that these cases are persuasive. Bankruptcy Courts have the authority to abrogate certain lease provisions upon a proper evidentiary showing, which Debtors have made.

For instance in *In re Tobago Bay Trading Co.*, 112 B.R. 463 (Bankr.N.D.Ga.1990), the court concluded that lease prohibitions on permitted uses do not extend to going out of business sales, in essence, because they are lease provisions "relating to insolvency" and thus come within the exception of Section 365(b)(2). Accordingly, the court ruled that because enforcement of the restriction would be "inconsistent" with federal policy, the trustee was excused from complying with those provisions, especially when there was no evidence of substantial harm to the landlords. *Id.* at 467. Similarly, in *In re Ames Dept. Stores, Inc.*, 136 B.R. 357 (Bankr.S.D.N.Y.1992), the court concluded the going out of business requests were governed by 11 U.S.C. § 363 and not by Section 365, recognizing that Chapter 11 permits abrogation of those lease restrictions subject to regulation by

provide authority to act. *See In re Kmart*

the court as provided for in Section 363(b). *Id.* at 359. Finally, in *In re Libson Shops. Inc.*, 24 B.R. 693 (Bankr.E.D.Mo.1982), the court correctly observed that the Bankruptcy Code permits the compromise or adjustment of private rights and should permit a going out of business sale absent proof of specific injury or damage when the lease restrictions conflict with debtor's reorganization. *Id.* at 695.

■ However, in exercising the authority granted by Section 363 the Court is required to condition the use in such a manner as to "provide adequate protection of such interest." Despite this language, Debtors objected on both procedural and substantive grounds to the Court entertaining the requests for adequate protection. Contrary to Debtors' procedural objection, the record is clear that the landlords did, in some pleadings, raise the issue of adequate protection and did make oral requests that the Court consider adequate protection requirements at the hearing. *See* Objection of New Plan and Realty Trust at ¶ 18 (filed Feb. 25, 2005) (Dkt. 281); Objection of General Growth Management, Inc., at ¶ 20 (filed Feb. 25, 2005) (Dkt. 280). Moreover, Section 363(*o*) places on the debtor the burden of proving adequate protection, and Section 105 grants the Court authority to enter any order which is "necessary or appropriate," either on motion of a party *or on its own motion.* I therefore find that the issue of adequate protection is procedurally ripe for adjudication.

Substantively, Debtors contend that adequate protection is satisfied if Debtors comply with Section 365(d)(3). It requires that regular rental payments be made pending Debtors' assumption or rejection of the leases and Debtors have committed to make such payments during the store

*Corp.*, 359 F.3d 866, 871 (7th Cir.2004).

closing process. Timely rental payments would likely be sufficient if all limitations on permitted use in the leases were to be honored. Landlords contend, to the extent that this Order permits a use otherwise prohibited in the leases, that alteration of the lease term should be conditioned on providing additional adequate protection. They seek additional adequate protection in the form of court-ordered indemnity in the event landlords are cited for violations of local laws or ordinances if the violation occurs under authority of this Order which has set aside a prohibition on use that landlords could otherwise enforce.

 I hold that landlords who are compelled by a Section 363 Order to permit a use prohibited in their leases are entitled to additional adequate protection beyond regular rental payments. However, Debtors have not requested *carte blanche* approval to conduct these sales without limitations, but have proposed store closing procedures which significantly regulate the manner for conducting the sales. I find these restrictions sufficient to establish a *prima facie* case that additional adequate protection, beyond payment of rent has been offered in exchange for landlords' loss of their right to enforce lease terms which may prohibit these sales. Landlords introduced no evidence to suggest that the proposed store closing procedures are not sufficient to adequately protect their legitimate interests. Accordingly, all remaining objections are overruled and the Interim Order will be entered forthwith, albeit with alterations to insure that adequate notice and opportunity to be heard is afforded to all parties not previously served.